**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TIMOTHY C. PLATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:11-cv-01737-TWP-DKL |
| LOCAL 1070, AMALGAMATED TRANSIT | ) |
| UNION, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Local 1070, Amalgamated Transit Union's

("the Union") Motion to Dismiss and/or for Summary Judgment (Dkt. 14) on all counts of

Plaintiff Timothy Platt's ("Mr. Platt") Amended Complaint (Dkt. 13).  Mr. Platt is proceeding

*pro se*.  Because the Union has presented materials outside of the pleadings, and because Mr.

Platt was afforded the opportunity to present materials pertinent to the motion, the Court will

treat the Union's motion as one for summary judgment pursuant to Federal Rule of Civil

Procedure 12(d).  For the reasons set forth below, the Union's motion is **GRANTED**.

## I.  BACKGROUND

The following material facts are not in dispute.[1]  Timothy Platt was employed by the

Indianapolis Public Transportation Corporation (commonly known as "IndyGo") as a bus driver

---

[1] The Union provided Mr. Platt with a Notice Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment (Dkt. 16) in accordance with Local Rule 56-1(k). Mr. Platt affirmatively chose not to respond to the Union's motion, as stated in his "Responsive Informational" filed with the Court after the response deadline had already passed, and acknowledged that the Union's brief "admitted Mr. Platt's charges were factually true." Dkt. 19 at 1.  Because Mr. Platt failed to timely respond to the Union's motion, as well as his subsequent acknowledgement that his failure to respond was not merely inadvertent, and he does not dispute the Union's factual assertions, the Court accepts the Union's version of the facts as undisputed for purposes of this motion in accordance with Local Rule 56-1(f). *See Whitfield v. Snyder*, 263 F. App'x 518, 521 (7th Cir. 2008) ("Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow those rules.")

from September 9, 2009 until he was terminated on September 6, 2011.  While Mr. Platt was employed with IndyGo, he was covered by a collective bargaining agreement ("CBA") entered into with the Union.   The Union is a voluntary unincorporated labor association affiliated with a national parent organization, the Amalgamated Transit Union ("ATU").   The Union is totally funded by dues and assessments paid by members who work in the bargaining unit the CBA covers, which includes IndyGo employees.  Mr. Platt joined the Union as part of his employment with IndyGo, and as such was subject to the written bylaws of the Union, as well as the Constitution and General Laws of the ATU.

During the course of his employment with IndyGo, Mr. Platt made various written complaints about the Union to the ATU's national office.  Mr. Platt's complaints were primarily concerning the levying and non-payment of a special assessment, which was approved at the Union's February 2011 meeting.  The Union has a long-standing practice of requiring members in attendance at the monthly membership meetings to vote by secret ballot whether or not to approve taking a member's grievance to arbitration.  If the members do not give approval by a majority vote of those in attendance, the grievance is withdrawn prior to arbitration.  If the arbitration is approved, section 21.15 of the ATU's Constitution provides that the cost of such arbitration will automatically be assessed on a per capita basis among all the members of the local union.  Such a vote was taken at the February 2011 meeting, and costs of the approved arbitration were assessed pro rata, to the union members, including Mr. Platt.  However, Mr. Platt refused to pay his share of the assessment. On July 18, 2011, the Union informed Mr. Platt that he was in arrears in his assessment payments and if the payments were not received within five days, he would be suspended from the Union and would no longer be considered a member in good standing.  Despite the warning, Mr. Platt failed to pay the assessment and therefore lost

his status as member in good standing near the end of July 2011.  Thereafter, Mr. Platt sent a written complaint to the ATU, stating that the assessment was levied improperly and violated federal law.

At the August 2011 membership meeting, the Union's bylaws were amended to provide that a member not in good standing because of a failure to pay assessments or dues would no longer be permitted to attend any membership meetings until those assessments and dues were paid in full.  Mr. Platt was in attendance at the August 2011 meeting.  Unfortunately, in September 2011, Mr. Platt's employment was terminated by IndyGo.  At the November 2011 membership meeting, the Union members voted not to arbitrate the grievance Mr. Platt filed in response to his discharge by IndyGo.

Mr. Platt's Amended Complaint also contains an allegation that the Union interfered with his First Amendment rights of speech and assembly.  Mr. Platt initiated a Facebook page and a website on which he initially used the IndyGo logo.  On July 26, 2010, the Union received a directive from IndyGo issued to Mr. Platt ordering him to remove the logo from his Facebook page and website.  Mr. Platt later attempted to use the Union's logo and name on his Facebook page and website in a manner which misled Union members into believing that he was acting as an agent or official of the Union.[2]  Mr. Platt did not make any complaints to the Union or the ATU regarding this issue prior to filing this lawsuit.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[2] It is unclear from the factual allegations what, if any, actions the Union took in response to Mr. Platt's use of the Union's logo on his Facebook page or website.

party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material facts . . . is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III.  DISCUSSION

Mr. Platt alleges that the Union violated various rights and privileges granted to him by federal law, as well as breached its duty of care to him. Specifically, Mr. Platt alleges that the Union violated the Labor Management Relations Disclosure Act, 29 U.S.C. § 401 *et seq.* ("LMRDA"), that the Union was negligent in its duty of care to him, and that the Union violated 42 U.S.C. §1985(3) ("§ 1985") by conspiring to interfere with his rights guaranteed by the First Amendment of the United States Constitution. The Union argues that it is entitled to summary judgment on Mr. Platt's LMRDA claims and § 1985 claim. The Union also argues that Mr. Platt's breach of duty claim falls under the Labor Management Relations Act, 29 U.S.C. § 141 *et*

*seq.* ("LMRA"), and that the Court lacks subject matter jurisdiction over that claim because the LMRA does not apply to unions that represent public employees.

**A.      LMRA and LMRDA Claims**

**1.      LMRA**

In Count 5 of his Amended Complaint, Mr. Platt alleges the Union was negligent in its duty of care by its failure to adequately represent him in the grievance process following his termination by IndyGo.  Count 5 of Mr. Platt's Amended Complaint does not identify a specific federal statute but alleges a breach of duty of fair representation, so the Court agrees with the Union's assertion that his claim is premised on 29 U.S.C. § 185, which falls under the LMRA.[3] *See Davis v. ATU Local #1070*, No. 1:06-cv-218-SEB-VSS, 2006 WL 3359340, at \*1 (S.D. Ind. Nov. 16, 2006); *O'Donnell v. Daley*, Nos. 01C4622, 01C5330, 01C4848, 01C4622, 2002 WL 10043, at \*4 (N.D. Ill. Jan. 25, 2002).  29 U.S.C. § 185 permits a worker to bring suit against a labor organization for breach of the duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 164 (1983); *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 362 (7th Cir. 1997).  The Union correctly points out that the LMRA does not apply to employers and employees of states or their political subdivisions, and, by extension, to unions that represent public employees.  29 U.S.C. § 152(2) - (3).  These unions are not considered "labor organizations" for purposes of the LMRA.  29 U.S.C. § 152(5); *Davis*, 2006 WL 3359340 at \*1; *O'Donnell*, 2002 WL 10043 at \*4.

---

[3] Mr. Platt's Amended Complaint states that jurisdiction of this Court is premised upon, *inter alia*, 28 U.S.C. § 1331, which is federal question jurisdiction.  Dkt. 13 at 2.  He does not premise jurisdiction over any of his claims on 28 U.S.C. § 1367, which would give the Court supplemental jurisdiction over state law claims.  Therefore, the Court will not assume that this claim was intended to be brought as a state law claim and will treat this as a claim brought under federal law.

The Union represents employees of IndyGo, which is a government entity under Indiana Code §§ 36-9-4 *et seq.*, and according to the Union's President/Business Agent, Roy Luster, the Union is totally funded by IndyGo employees.  Dkt. 14-1 at 2, ¶ 4.  Mr. Platt has not presented any contrary evidence that would indicate that the Union represents non-public employees as well.  *Cf. Stomper v. Local 241, Amalgamated Transit Union*, No. 92 C 6979, 1992 WL 390880, at *2 (N.D. Ill. Dec. 16, 1992) (LMRA applied to union that represented both public and non-public employees).  Therefore, the Union is not a "labor organization" for purposes of the LMRA, and Mr. Platt cannot bring a claim under 29 U.S.C. § 185 for breach of duty of fair representation.

The Union argues that Mr. Platt's claim alleging that it breached its duty of care must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  However, questions of jurisdiction are inappropriate for summary judgment, and the Federal Rules of Civil Procedure do not provide a mechanism for converting a 12(b)(1) motion into a Rule 56 motion.  *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).  In addition, according to the Seventh Circuit, the specific basis upon which the Union argues that the Court lacks subject matter jurisdiction is not a question of jurisdiction at all, but rather whether Mr. Platt can prove an element of his claim.  "Whether a union is a 'labor organization' is simply an element of the plaintiff's claim, just as whether an employer is an 'employer' under Title VII of the Civil Rights Act of 1964 is an element of the claim."  *O'Meara v. Nat'l Treasury Emp. Union*, 202 F.3d 274, Nos. 99-2834, 99-2835, 1999 WL 1256572, at *1 (7th Cir. Dec. 22, 1999).  Though the Union's status as a "labor organization" is essential to the success of Mr. Platt's claim, this status is not essential to the Court's jurisdiction; any claim brought under a federal statue—in this case the LMRA—arises under federal law, and 28 U.S.C. § 1331 therefore supplies jurisdiction.  *Id.; see*

*also Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001-02 (7th Cir. 2003) (dismissal under 12(b)(1) is erroneous where plaintiff is unable to demonstrate that defendant meets a statutory requirement). Thus, this question is properly addressed under Rule 56, not under 12(b)(1). Regardless of how the Union's motion is characterized, Mr. Platt cannot show that the Union is a "labor organization" for purposes of the LRMA; therefore, his claim under this statute fails.

### 2.    LMRDA

Counts 1, 2, and 3 of Mr. Platt's Amended Complaint specifically allege violations of 29 U.S.C. § 411, which is part of LMRDA. Mr. Platt alleges that the levying of the special assessment, restricting the usage of IndyGo's and/or the Union's logos on his Facebook page, and prohibiting Mr. Platt from attending membership meetings and voting on Union business matters all violated the LMRDA. Interestingly, the Union addresses these claims on the merits, despite the fact that the LMRDA contains an exclusion for public employers and employees similar to the LMRA and, by extension, unions that represent public employees. The LMRDA defines a "labor organization" as an organization that "exists for the purpose, in whole or in part, of dealing with *employers* concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment." 29 U.S.C. § 402(i) (emphasis added). The definition of "employer" under the LMRDA, however, specifically excludes "the United States or any State or political subdivision thereof." 29 U.S.C. § 402(e). Accordingly, a union member employed by a government entity cannot sue his union under the LMRDA if his union represents only public employees. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam) (noting that "[t]he circuit courts which have addressed the issue have uniformly held that the LMRDA does not apply to unions which represent only public sector employees"). As discussed above, there is no indication that the Union represents non-public employees; therefore, the

Union is not a "labor organization" under the LMRDA and Mr. Platt's claims brought under the LMRDA must fail as well.

Mr. Platt has failed to show that he can satisfy all of the elements of his claims under Counts 1, 2, 3 and 5 of his Amended Complaint because he cannot show that the Union is a "labor organization" as defined by either the LMRA or the LMRDA. *See O'Meara*, 1999 WL 1256572 at *1; *O'Donnell*, 2002 WL 10043 at *4. Therefore, Mr. Platt's claims under these counts must be dismissed.[4]

**B.     Section 1985 Claim**

Count 4 of Mr. Platt's Amended Complaint alleges that the Union violated 42 U.S.C. § 1985(3) by conspiring to interfere with his civil rights. Specifically, Mr. Platt alleges that the Union's president, financial secretary, and executive board are the "persons" who conspired to deprive him of the exercise of his First Amendment rights. In order to bring a claim under § 1985, a plaintiff must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens. *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1971). In addition, a plaintiff must show "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action,' and (2) that the conspiracy [was] aimed at interfering with rights that are protected against private, as well as official, encroachment." *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th

---

[4] The Court need not address the merits of the Union's argument that Mr. Platt failed to exhaust intra-union remedies for Counts 2 and 3 of his Amended Complaint, whether the Union properly levied the special assessment against Mr. Platt in accordance with the Union by-laws, or whether the Union restricted his First Amendment rights by excluding him from membership meetings and restricting the usage of logos on his Facebook page and website.

Cir. 1996) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (additional citations omitted)).

Mr. Platt's conspiracy allegation against the Union fails for two reasons.  First, Mr. Platt has failed to show the existence of a "conspiracy."  Under the intra-corporate conspiracy doctrine, a § 1985 conspiracy cannot exist solely between members of the same entity. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999).  The Union's president, financial secretary, and executive board would all be considered one "person," and Mr. Platt has not alleged that any other outside persons or entities were involved in the alleged conspiracy.  Thus, the actions of the Union do not meet the definition of a "conspiracy" for purposes of his § 1985 claim.  Second, Mr. Platt has not alleged or provided any evidence that there was any racial or class-based discriminatory animus involved in the alleged deprivation of his First Amendment rights.  Therefore, Mr. Platt's allegations under § 1985 are legally insufficient and must be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the Union's Motion to Dismiss and/or Motion for Summary Judgment (Dkt. 14) against Mr. Platt on all counts of his Amended Complaint (Dkt. 13) is **GRANTED** and Mr. Platt's claims are **DISMISSED**.

**SO ORDERED.**

Date: _03/06/2013_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

DISTRIBUTION:

Timothy C. Platt
2757 Dietz Street
Indianapolis, Indiana  46203

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com